IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARBARA BIEBER-KENNEDY,

        Plaintiff,                                                CV-04-553-ST

        v.                                                    OPINION AND ORDER

JO ANNE B. BARNHART, Commissioner of Social
Security,

        Defendant.

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Barbara Bieber-Kennedy ("Bieber-Kennedy"), brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for Supplemental Security Income payments ("SSI") under Title XVI of the Social Security Act. This court has jurisdiction under 42 USC § 1383(c)(3). The parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c).

The Commissioner concedes that her decision must be reversed and moves to remand for further proceedings (docket # 25). Bieber-Kennedy opposes additional proceedings and seeks an immediate award of benefits. The Commissioner's motion to remand for further proceedings is denied. The Commissioner's final decision is reversed and remanded for the calculation and award of benefits.

## BACKGROUND

Bieber-Kennedy was born September 1, 1960, and alleges that she became disabled on January 10, 1991, after a job-related injury. Tr. 123.[1] She filed her application for SSI payments on January 30, 1996. Tr. 123-25. The Commissioner denied her claim in a written decision dated August 19, 1999. Tr. 11-20. Based on a stipulation of the parties, this court issued an Order dated June 15, 2001, remanding that decision for additional administrative proceedings. Tr. 339-40.

After further proceedings, a different ALJ issued a written decision dated December 24, 2003, denying Bieber-Kennedy's claim. Tr. 283-98. That written decision became the Commissioner's final decision after remand and is now before this court on appeal.

At the time of the Commissioner's decision after remand, Bieber-Kennedy was 43 years old. She attended school through the sixth grade and earned a high school equivalency diploma. Tr. 135. She worked sporadically in the past as a courtesy clerk, gas station attendant, short-order cook, mill worker and grocery store checker. Tr. 44, 139, 695-96.

Bieber-Kennedy last worked on January 10, 1991, when she injured her back while working as a courtesy clerk in a grocery store. Tr. 131, 139. She alleges disability since that time due to

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of record filed with the Commissioner's Answer (docket # 9).

constant pain with intermittent numbness in the right leg which leaves her unable to "stand, sit, squat, walk, bend over, for more than 3 to 5 minutes" and "20 per cent emotionally disabled because of [her] back injury." Tr. 131.

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F3d 179, 182 (9th Cir 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 USC § 1382c(a)(3)(A).

The Commissioner has established a five-step process for determining whether a person is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 US 137, 140 (1987); 20 CFR § 416.920. Bieber-Kennedy does not challenge the first four steps of the decision after remand.

For the purposes of step five, the Commissioner must assess the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of the sustained work-related activities the claimant can still do on a regular and continuing basis, despite the limitations imposed by her impairments. 20 CFR § 416.945(a); SSR 96-8p.

At step five, the Commissioner must determine whether the claimant can perform other work that exists in the national economy. *Yuckert*, 482 US at 141-42; 20 CFR § 416.920(e), (f). Here the burden shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 US at 141-42; *Tackett v. Apfel*, 180 F3d 1094, 1098 (9th Cir 1999). If the Commissioner meets this burden, then the claimant is not disabled. 20 CFR § 416.966.

## THE ALJ's FINDINGS

In the decision after remand, the ALJ assessed Bieber-Kennedy's RFC as follows:

> The claimant retains the residual functional capacity to perform a reduced range of light and sedentary exertional level work. The claimant can lift up to 20 pounds occasionally and up to 10 pounds frequently. She is not limited in the time she can sit, and standing and walking are limited to two hours in an 8-hour workday. She is precluded from machine-paced tasks. As a result of the claimant's psychological impairments she has moderate limitations in her ability to interact appropriately with the general public, to respond appropriately to changes in the work setting, to carry out detailed instructions, and to maintain attention or concentration for extended periods for other than simple, routine tasks.

Tr. 296.

The ALJ found that Bieber-Kennedy retained the RFC to perform work in the national economy. Based on the testimony of the vocational expert ("VE"), he identified examples of such work as automatic photography developer, seedling sorter and small products assembler. *Id*.

## STANDARD FOR REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F3d 1172, 1178 (9th Cir), *cert denied*, 531 US 1038 (2000). The issue turns on the utility of further proceedings.

A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen,* 876 F2d 759, 763 (9th Cir 1989).

Improperly rejected evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence;

(2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Harman*, 211 F3d at 1178, citing *Smolen v. Chater*, 80 F3d 1273, 1292 (9th Cir 1996). The third prong of this test is actually a subpart of the second. *See Harman*, 211 F3d at 1178 n 7.

## **DISCUSSION**

The Commissioner concedes that her decision cannot be sustained, but contends that further administrative proceedings are required to recontact Tina Busby, MD, and Marc Williams, MD, for additional records to support and clarify their opinions. She also concedes that the ALJ did not comply with the remand instructions from this court directing him to address the testimony of Brian K. Long, MD, the medical expert from the first administrative hearing, and the mental RFC assessment by Robert Henry, PhD, the agency reviewing psychologist. The Commissioner asserts that an immediate award of benefits is not appropriate because the record does not support a finding of disability.

Bieber-Kennedy opposes the Commissioner's motion and asserts that further proceedings are not necessary to establish that she is disabled. She argues that the opinions of Drs. Busby and Williams leave no outstanding issues to be resolved before a finding of disability can be made. She contends that the Commissioner's failure to comply with this court's remand instructions indicates that further delay to permit another opportunity to correct the same errors would be futile and unfair.

### I. **Medical Source Statements**

On February 18, 2003, Dr. Busby provided a medical source statement regarding the nature and severity of Bieber-Kennedy's physical impairment. Tr. 596-99. She opined that Bieber-Kennedy had not been able to perform sustained sedentary or light work on a regular and continuing

5 - OPINION AND ORDER

full-time basis. Tr. 596, 598. Dr. Busby explained her opinion as follows: "At the current time it is my opinion that she would not be able to work secondary to significant pain in her low back and radicular pain with prolonged sitting or standing. Please refer to my office notes for additional details." Tr. 600. The official transcript of record does not contain either the detailed office notes cited by Dr. Busby not any other records showing the diagnostic basis or treatment history supporting her opinion. The ALJ did not mention this opinion in his written decision after remand.

Generally, a treating physician's opinion is afforded the greatest weight in disability cases because the treating physician is employed to cure and has the best opportunity to know and observe the patient as an individual. *Ramirez v. Shalala*, 8 F3d 1449, 1453 (9th Cir 1993). A treating physician's opinion is controlling when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent" with other evidence of record. 20 CFR § 416.927(d)(2).

Because her treatment records are not available, Dr. Busby's opinion is not supported by medically acceptable clinical or objective diagnostic evidence. However, this does not relieve the ALJ of his duty to consider and attribute appropriate weight to the opinion. The ALJ can reject a treating physician's opinion that is not contradicted by another physician only for clear and convincing reasons. *Thomas v. Barnhart*, 278 F3d 947, 956-57 (9th Cir 2002). He can reject a treating physician's opinion in favor of the conflicting opinion of another physician only if he makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Id* at 957, quoting *Magallanes v. Bowen*, 881 F2d 747, 751 (9th Cir 1989). The ALJ failed to comply with these principles by ignoring Dr. Busby's opinion.

Dr. Busby's opinion is far from persuasive in light of the absence of supporting materials, as well as ample evidence that Bieber-Kennedy is not a credible historian and medical records

showing that her physical impairments are mild. However, this court cannot make independent findings, but is constrained to review the reasons asserted by the ALJ. *SEC v. Chenery Corp.,* 332 US 194, 196 (1947); *Connett v. Barnhart,* 340 F3d 871, 874 (9th Cir 2003). Here the ALJ asserted no reasons, which was error.

If credited as true, Dr. Busby's opinion would resolve all issues necessary to make the determination that Bieber-Kennedy cannot work. Dr. Busby's opinion was dated February 18, 2003, and establishes disability on that date.

Bieber-Kennedy also relies on the opinion of Dr. Williams who first saw Bieber-Kennedy on October 25, 2002, for psychiatric treatment. Tr. 634-35. At this initial evaluation, Bieber-Kennedy gave a history that supported a diagnosis of Bipolar Disorder. Tr. 619. She had one followup visit on December 30, 2002. Tr. 629. Based on the two office visits, Dr. Williams wrote a letter dated April 3, 2003, in support of Bieber-Kennedy's present claim, stating: "Regarding her ability to function during these episodes of mania and severe depression, in many areas it is severely impaired." Tr. 619. He then indicated that Bieber-Kennedy "may have significant impairments" in memory, understanding, concentration, and interacting socially. *Id.* He indicated that at times Bieber-Kennedy would be unable to adapt or respond appropriately to changes in work settings. *Id.* The diagnosis and opinion appear to based entirely on subjective reports of symptoms from two interviews with Bieber-Kennedy.

If credited as true, Dr. William's opinion would not resolve all issues necessary to reach a determination that Bieber-Kennedy is disabled. He appears to simply recount Bieber-Kennedy's subjective statements instead of making medical findings. Dr. Williams made no findings regarding the likelihood, duration, severity or frequency with which Bieber-Kennedy might experience each

of the specified functional impairments. In addition, the record does not include vocational testimony regarding the effect such impairments would have on Bieber-Kennedy's ability to work.

Bieber-Kennedy also contends the ALJ improperly ignored the opinion of Richard Koller, MD. Dr. Koller treated Bieber-Kennedy from October 20, 2000, to February 26, 2001 for low back pain. Tr. 418-32. His neurological examinations were consistently negative, including negative straight-leg-raise tests, full motor strength and normal reflexes. An MRI scan showed mild degenerative changes, but no canal stenosis, foraminal stenosis, nerve root impingement or annular fissure. Tr. 427. A bone scan for occult bony pathology was also unremarkable. Tr. 419. Dr. Koller recommended conservative treatment with non-narcotic pain medication and physical therapy. Tr. 425. Dr. Koller's findings do not support Bieber-Kennedy's claim of a disabling condition in her back. Accordingly, the ALJ's failure to consider Dr. Koller's findings is harmless.

## II.    Failure to Comply With Remand Instructions

It is appropriate under the regulations for the Commissioner to render a new, independent decision after a remand from federal court. *See* 20 CFR § 416.1483-1484. However, when the district court remands a case with instructions, the Commissioner may not disregard the court's order. Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error. *See Sullivan v. Hudson,* 490 US 877, 886 (1989).

In the remand Order, this court ordered the ALJ to address the opinion of Dr. Long, a psychiatrist who testified at the first hearing regarding Bieber-Kennedy's functional impairments related to her mental condition. Tr. 70-75, 339. Dr. Long testified that the record remained ambiguous regarding Bieber-Kennedy's diagnosis. Tr. 73. He said he did not believe that adequate assessment had ever been done to determine whether she is able to work despite her psychiatric condition. Tr. 74.

The court also ordered the ALJ to consider the mental RFC assessment prepared by Dr. Henry, the agency reviewing psychologist. Tr. 213-15, 339. Dr. Henry identified several work-related mental functions in which Bieber-Kennedy had moderate impairment. Tr. 213-14.

In his decision after remand, the ALJ failed to address either the opinion of Dr. Long or the assessment by Dr. Henry. The Commissioner now asserts the ambiguities resulting from the ALJ's failure to correct these errors as grounds for further administrative proceedings. .

A remand for benefits rather than corrective administrative proceedings may be appropriate where the Commissioner's errors have already caused long delay in determining the plaintiff's claim. *See Kennedy v. Apfel*, 2000 WL 913690 (D Or 2000), citing *Ragland v. Shalala*, 992 F2d 1056, 1060 (10th Cir 1993) (remand for an award of benefits appropriate where long delay has already occurred due to the Commissioner's erroneous disposition of the proceedings). Permitting the Commissioner another opportunity to properly develop the record and correct the same errors identified by this court in its prior remand order is not justified.

In conclusion, giving Dr. Busby's opinion the effect required by law, Bieber-Kennedy has established that her condition prevents her from working full-time. Despite weaknesses in Dr. Busby's opinion, the ALJ's failure to comply with earlier remand instructions convinces the court that further delay for corrective administrative proceedings would not be appropriate. Accordingly, the court exercises its discretion to remand for calculation and award of benefits from the date of Dr. Busby's opinion. There is no persuasive evidence in the record supporting an onset of disability before that date.

## **ORDER**

Based on the foregoing, the Commissioner's Motion to Remand (docket # 25) is DENIED. The Commissioner's final decision is REVERSED and REMANDED pursuant to sentence four of 42 USC § 405(g) for calculation and award of benefits consistent with this Opinion.

DATED this 12th day of August, 2005.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge