IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARBARA BIEBER-KENNEDY,

          Plaintiff,

    v.

JO ANNE B. BARNHART, Commissioner of
Social Security,

          Defendant.

CV-04-553-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Barbara Bieber-Kennedy ("Bieber-Kennedy"), filed this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income payments ("SSI") under Title XVI of the Social Security Act. Conceding that the decision should be reversed due to errors at the administrative level, the Commissioner moved to remand for further proceedings. Bieber-Kennedy opposed additional proceedings and sought an immediate award of benefits. On August 12, 2005, this

1 - OPINION AND ORDER

court denied the Commissioner's motion and entered a Judgment in favor of Bieber-Kennedy, reversing and remanding the Commissioner's final decision pursuant to sentence four of 42 USC § 405(g) for the calculation and award of benefits.

Pursuant to the Equal Access to Justice Act, 28 USC § 2412(d) ("EAJA"), Bieber-Kennedy now moves the court to award her attorney fees in the sum of $9,553,74 (representing 61 hours of work performed at an hourly rate of $153.54)[1] and costs in the sum of $19.30 (docket #31). For the reasons set forth below, this motion must be denied.

## DISCUSSION

The EAJA mandates an award of attorney fees, costs, and expenses to a party who prevails against the United States "in any civil action . . ., including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances exist an award unjust." 28 USC § 2412(d)(1)(A). The Commissioner does not plead substantial justification, but objects to an award of attorney fees to Bieber-Kennedy under the EAJA because her motion is untimely and the amount requested is excessive.

Under the EAJA, a prevailing party must file a motion for attorney fees within 30 days after entry of a final judgment. *Melkonyan v. Sullivan*, 501 US 89 (1991). Because the Commissioner has 60 days in which to appeal a decision by a federal district court under Federal Rules of Appellate Procedure 4(a)(1)(B), the 30 day period does not begin to run until 60 days after the district court has issued a final judgment that is not appealable. *Id*, 501 US at 94-95; 28 USC § 2412(d)(1)(G).

---

[1] This amount is taken from Plaintiff's Opposition to Defendant's Response.

2 - OPINION AND ORDER

Because the final Judgment in this case was entered on August 12, 2005, Bieber-Kennedy's motion for attorney fees was due 90 days later (60 days for appeal plus 30 days to file), or by November 10, 2005. However, she filed her motion for attorney fees on November 14, 2005, which was 94 days after entry of the Judgment. Bieber-Kennedy's attorney miscounted the 30th day as falling on Friday, November 11, 2005, a federal holiday, making the due date the following Monday, November 14, 2005. *See* FRCP 6.

Bieber-Kennedy's attorney asks this court to exercise its discretion and excuse her careless counting error of one day which she did not even realize until after receiving the Commissioner's objection. She notes that she is a sole practitioner who has been handling SSI appeals for only about one and half years and mostly on a contract basis for other attorneys who retain responsibility for and oversight of filing deadlines. This is only the second case that she has won on her own.

The EAJA's "30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional.'" *Scarborough v. Prinicipi*, 541 US 401, 414 (2004). Instead of involving subject matter jurisdiction, the EAJA addresses "a mode of relief (costs including legal fees) ancillary to the judgment of a court that has plenary 'jurisdiction of [the civil] action' in which the fee application is made." *Id* at 413 (citation omitted). Concluding that the relation-back doctrine applies to fee applications under the EAJA, the Court allowed a timely filed fee application to be amended after the 30-day deadline had passed in order to add the essential allegation that the government's position was not substantially justified. However, the Court explicitly left open the question of whether the EAJA time limitation for fee applications is subject to equitable tolling. *Id* at 421 n8 ("Because our

decision rests on other grounds, we express no opinion on the applicability of equitable tolling in the circumstances here presented.").

Although not decided by *Scarborough,* the Sixth Circuit has held that the EAJA time limitation for fee applications is subject to equitable tolling. *Townsend v. Comm'r of Social Sec.*, 415 F3d 578, 583 (6th Cir 2005). *See also United States v. Hristov*, 396 F3d 1044 (9th Cir 2005) (based on the reasoning in *Scarborough*, held that a timely filed motion for attorney fees under the Hyde Amendment may be amended under the "relation back" doctrine).

Even if the doctrine of equitable tolling is available with respect to the 90-day EAJA application period, it does not assist Bieber-Kennedy in this case. Courts apply the doctrine of equitable tolling "sparingly." *Scholar v. Pacific Bell,* 963 F2d 264, 267 (9th Cir), *cert denied*, 506 US 868 (1992). Equitable tolling may apply "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 US 89, 96 (1990) (footnotes omitted). However, equitable tolling is inappropriate "where the claimant failed to exercise due diligence in preserving his legal rights." *Id*, citing *Baldwin County Welcome Ctr. v. Brown,* 466 US 147, 151 (1984). In *Irwin*, the petitioner argued that his failure to timely file a Title VII action should be excused because his lawyer was absent from his office at the time the EEOC right-to-sue notice was received and he filed within 30 days after he personally received notice. The Court declined to extend equitable tolling to "what is at best a garden variety claim of excusable neglect." *Id* at 96.

Here, Bieber-Kennedy is not attempting to cure a defective fee application filed during

the statutory period, as in *Scarborough* or *Hristov*. Instead, she is asking this court to excuse an untimely filing of the fee application. The facts do not suggest that she or her attorney were induced or tricked by the Commissioner into allowing the filing deadline to pass. To be afforded extra time to file without exercising due diligence, she must demonstrate "extraordinary circumstances beyond [her] control [which] made it impossible to file the claims on time." *Seattle Audubon Soc'y v. Robertson,* 931 F2d 590, 595 (9th Cir 1991), *rev'd on other grounds,* 503 US 429 (1991). She has demonstrated no such extraordinary circumstances, but merely an inadvertent error. Lack of an attorney's experience in an area of law is not a factor in considering whether equitable tolling applies. *See Lee v. Gober*, 14 Vet App 204, 210 (2000). This case presents a classic example of a failure to exercise reasonable diligence in preserving legal rights, a failure that equitable tolling is not designed to remedy. *See Leonard v. Gober*, 223 F3d 1274, 1375-76 (Fed Cir 2000), *cert denied*, 531 US 1130 (2001) (claimant's failure to timely mail her claim on the last day not excused because the post office closed early); *Jones v. West* 13 Vet App 129, 131 (1999) (equitable tolling, if it applied, would not be triggered where applicant sent EAJA application to Court via private carrier, with incomplete address (missing suite number), and where application was delivered to VA Office of General Counsel, which did not deliver application to Court until filing period had expired).

  This court is extremely hesitant to deny attorney fees for work undertaken in good faith in order to obtain SSI benefits that were improperly denied through administrative proceedings. Denial of attorney fees makes it very difficult for solo practitioners and small firms to engage in

the representation of Social Security disability claimants. However, application of the equitable tolling principles in this case cannot avoid this Draconian result.[2]

Because the motion for attorney fees is denied as untimely, this court need not address whether the amount of attorney fees requested is excessive.

**ORDER**

Based on the foregoing, Bieber-Kennedy's Motion for Award of Fees, Expenses, and Costs Pursuant to the Equal Access to Justice Act (docket #31) is DENIED.

DATED this 21st day of December, 2005.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

---

[2] Even if fees are not recoverable under the EAJA, 42 USC § 406(b) allows an attorney to recover up to 25 % of the past-due benefits. Unfortunately, Bieber-Kennedy's attorney waived those fees by letter dated September 27, 2005, well before she filed her untimely application for EAJA fees. Were Bieber-Kennedy's attorney still able to claim attorney fees from this alternate source, then this court would award them to her.